**Gladys BORSCHOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41241.**

Court of Criminal Appeals of Texas.

May 8, 1968.

C.C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and John G. Gilleland, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is keeping a bawdy house; the punishment, assessed by the jury, twenty (20) days in jail and a fine of $200.

Appellant challenges the sufficiency of the evidence to sustain the conviction. We agree. Even if it can be conceded that the evidence is sufficient to show that the "Health Clinic" in question, operated as a massage parlor, was in fact a bawdy house, there is no evidence to show that appellant was the keeper thereof.

Chief Deputy Sheriff Lloyd Frazier, who testified that the place in question bore a general reputation for being a bawdy house, was unable to testify who operated the place.

Thomas G. Cucci testified that on two occasions prior to March 30, 1967 (date of alleged offense) he had visited the Freeway Health Clinic; that on such occasions he had received a massage from "Billie or some other name" and that there was no talk or mention of sexual relations. On the morning of March 30, 1967, he returned to the said "clinic" and in the back room thereof had an act of sexual intercourse for $10 with an uniden-

tified woman who was alone at the time.[1] He disclosed that he had never seen the appellant, Gladys Borschow, at the "clinic."

It is evident from the State's brief that it relies upon the testimony of Charles F. Mitchell, Assistant County Attorney, to show that the appellant was the keeper of the house in question. He related that she was a party to a law suit against C. B. Buster Kern in the District Court and a week prior to the trial of the case at bar she had testified in the District Court. He was then asked and he answered as follows:

"Q. And testified before a jury, she was under oath at that time?

"A. Yes, sir, under oath and part of the pleadings was an affidavit signed by Mrs. Borschow in the pleadings of that case.

"Q. Tell the jury if part of the pleading on file in the 61st Judicial District stated the fact that Gladys Borschow was owner of the Freeway or Airport Health Clinic?

"A. The affidavit stated that she was unmarried, a white female 11196 Eastex Freeway.[2]

"Q. That is in Harris County, Texas?

"A. Yes, sir, and her testimony was on direct—

"MR. DEVINE: I object to any notes.

"THE COURT: Sustained.

"MR. DEVINE: The best evidence would be the court reporter.

"Q. (By Mr. Gilleland) You recall her testimony she was owner and operator?

"A. I made notes.

"Q. Do you recall what length of time the Airport or Freeway Clinic had been opened?

"A. I believe sixteen months."

It is clear that the unresponsive answers do not show appellant's connection with the "Health Clinic." Testimony by a deputy sheriff that on March 30 or 31, 1967, there were diplomas on the wall of the health clinic or massage parlor in the names of Gladys Borschow and Gladys Silverton, nor testimony that appellant in the past had operated a bawdy house "somewhere off South Main" is sufficient to save the day.

Even viewed in the light most favorable to the jury's verdict, we cannot conclude that the evidence is sufficient to show that appellant was a keeper of a bawdy house.

The judgment is reversed and remanded.

---

1. The State subsequently tried to show that this woman was one Pilar Romaris (referred to in the State's brief as Pilar Ramirez). Cucci later identified State's Exhibit No. 3 as a picture of the woman with whom he had intercourse, but no one identified said exhibit as being a photograph of Pilar Romaris or Ramirez. The exhibit is not in the record before us.

2. Not shown in the record to be the address of the house in question.